# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>v.<br><br>RICARDO ALBERTO VILLA-GUILLÉN [8],<br><br>**Defendant.** | Criminal No. 16-526 (FAB) |

**OPINION AND ORDER**

BESOSA, District Judge.

Defendant Ricardo Villa-Guillén ("Villa") filed two motions *in limine* and a motion to suppress. First, Villa moves to exclude a hand-written letter that he mailed to the Court. (Docket No. 522.) Second, Villa moves to exclude evidence of prior bad acts pursuant to Federal Rule of Evidence 404(b). (Docket No. 525.) Third, Villa moves to suppress evidence pursuant to the Fourth Amendment of the United States Constitution. (Docket No. 526.) For the reasons set forth below, Villa's motions *in limine* and motion to suppress are **DENIED**. (Docket Nos. 522, 525 and 526.)

I.  **Background**

On June 23, 2017, a grand jury returned a one-count superseding indictment charging Villa and seven other individuals with conspiring to possess with intent to distribute at least five

kilograms of cocaine, in violation of 21 U.S.C. § 846. (Docket No. 120.) From 2009 to December 2013, the defendants and co-conspirators allegedly "traveled on commercial flights that departed from Luis Muñoz-Marín International Airport in Carolina, Puerto Rico to the continental United State with kilograms of cocaine concealed inside suitcases." Id. at p. 2. Villa's codefendants have pled guilty. (Docket Nos. 188, 247, 268, 293, 416 and 434).[1] Trial is set to commence on July 29, 2019. (Docket No. 527.)

## II. Motion to Suppress

Pursuant to the Fourth Amendment, Villa moves to suppress evidence obtained by law enforcement officers. (Docket No. 526.) The United States asserts that in March 2012, Villa, Ángel Andújar ("Andújar"), and Harrison Soler ("Soler") attempted to purchase 11 kilograms of cocaine from a Colombian drug broker in Doral, Florida. (Docket No. 532 at p. 5.) Villa purportedly displayed a "large amount of U.S. currency" to a confidential source. Id. at p. 6. The confidential source instructed Villa to follow him to a warehouse to complete the transaction. Id. Soler, Villa and Andújar entered a black Ford Escape. Id. Soler drove the vehicle.

---

[1] The Court sentenced defendants Emilio González-Espinal, Luis Rodolfo Mejía, Richard Rodríguez-Heredia, and Humberto Concepción-Andrades (Docket Nos. 234, 378, 516 and 521.) Their sentences range from 60 to 168 months imprisonment. Id. Defendants José Herrera-Olavarría, Cessy Martínez-Lantigua, and Richard Guerrero are awaiting sentencing.

Id.  Miami-Dade Police Department ("MDPD") officers conducted a traffic stop, obtaining permission from Soler to search the vehicle.  Id.  A police canine alerted to the presence of U.S. currency.  Id.  Subsequently, MDPD officers seized $296,014.00 from the Ford Escape, issued Soler a traffic ticket, "and all subjects were released."  Id.

The United States seeks to admit the $296,014.00 in its case-in-chief.  (Docket No. 518.)  Villa contends, however, that the MDPD "law enforcement agents had no probable cause to conduct a traffic stop on the [Ford Escape] and there was no legal justification to conduct a search of the vehicle either."  (Docket No. 526 at p. 1.)  Villa's arguments are unavailing.

**A.   The Fourth Amendment**

The Fourth Amendment to the United States Constitution prohibits "unreasonable searches and seizures."  U.S. CONST. amend. IV.  Pursuant to the exclusionary rule, the Fourth Amendment is enforced by prohibiting the admission of unlawfully seized evidence at trial.  Herring v. United States, 555 U.S. 135, 139 (2009).  "[T]he exclusionary rule reaches not only primary evidence obtained as a direct result of an illegal search or seizure, . . . but also evidence later discovered and found to be derivative of an illegality or 'fruit of the poisonous tree.'"  Segura v. United States, 468 U.S. 796, 804 (1984) (internal citations omitted).  As

a threshold matter, Villa shoulders the burden of establishing that he "had a reasonable expectation of privacy in the area searched or the items seized." United States v. Symonevich, 688 F.3d 12, 18 n.3 (1st Cir. 2012).

**1.   Vehicle Stop**

Villa purports that the MDPD officers lacked probable cause to conduct the traffic stop.[2] (Docket No. 526 at p. 1.) Villa misstates the law. The Fourth Amendment requires that an "initial traffic stop must have been supported by reasonable suspicion that a traffic violation occurred." Kenny v. Floyd, 700 F.3d 604, 608 (1st Cir. 2012) (citation omitted). "Reasonable suspicion is a less demanding standard than probable cause." United States v. Beaudoin, 362 F.3d 60, 67 (1st Cir. 2004) (citation omitted).

Temporary detention of a vehicle to investigate a traffic violation "does not transgress the Fourth Amendment's prohibition of unreasonable seizures, even if the officer would not have stopped the motorist absent some additional law enforcement objective." United States v. Andrade, 94 F.3d 9, 12

---

[2] Although Villa did not own, rent or drive the Ford Escape, he nonetheless has standing to challenge the constitutionality of the traffic stop. See United States v. Starks, 769 F.3d 83, 89 (1st Cir. 2014) (holding that a "passenger traveling in a car is seized along with the driver, and therefore has standing" to challenge the stop pursuant to the Fourth Amendment") (citing Brendlin v. Cal., 551 U.S. 249, 251 (2007)).

(1st Cir. 1996) (citation omitted); Rodríguez v. United States, 135 S. Ct. 1609, 1614 (2015) ("Like a Terry stop, the tolerable duration of police inquiries in the traffic-stop context is determined by the seizure's "mission" — to address the traffic violation that warranted the stop"). Law enforcement officers observed that the Ford Escape made an improper lane change. Accordingly, the MDPD officers had reasonable suspicion to stop the Ford Escape.

**2. Vehicle Search**

Villa invokes the exclusionary rule, asserting that suppression is warranted because the MDPD officers searched the Ford Escape and seized the $296,014.00 in violation of the Fourth Amendment. (Docket No. 536 at p. 7.) The Fourth Amendment protection against unreasonable searches and seizures applies only when the movant has "a legitimate expectation of privacy in the place searched or the thing seized." United States v. Rheault, 561 F.3d 55, 59 (1st Cir. 2009).

In the context of a vehicle search, the First Circuit Court of Appeals has "held squarely that passengers in an automobile who assert no property or possessory interest in a vehicle cannot be said to have the requisite expectation of privacy in the vehicle" to raise a Fourth Amendment challenge. United States v. Campbell, 741 F.3d 251, 263 (1st Cir. 2013); see, e.g.,

United States v. Crippen, 627 F.3d 1056, 1063 (8th Cir. 2010) (denying motion to suppress for lack of standing because "[the defendant] challenges the search of the truck, not the traffic stop"). Villa sat in the passenger seat of the Ford Escape and does not purport to have an ownership interest in the vehicle. Consequently, Villa has failed to establish a reasonable expectation of privacy in the area searched or the items seized. The Court **DENIES** Villa's motion to suppress evidence obtained during the search and seizure of the Ford Escape. (Docket No. 526.)

### III. Motion *In Limine* to Exclude Evidence Seized by Law Enforcement Officers During Villa's Arrest

Puerto Rico Police Department ("PRPD") officers arrested Villa on July 19, 2017. (Docket No. 138.) Law enforcement officers searched Villa's vehicle, recovering a kilogram of cocaine from the glove compartment. (Docket No. 537 at p. 1.) The following day, Drug Enforcement Administration ("DEA") agents executed a search warrant at Villa's residence. Id. at p. 2. The DEA agents seized 1.72 kilograms of cocaine, a Glock 23 firearm, three loaded magazines, three boxes of ammunition, United States currency, and drug paraphernalia. Id. The cocaine and firearm seized from Villa's vehicle and residence are the subject of a

subsequent criminal action, United States v. Villa Guillén, Case No. 17-608.

Villa moved to suppress this evidence, asserting that the cocaine and firearm are the fruits of an unlawful search and seizure. (Case No. 17-608, Docket No. 28.) Magistrate Judge Bruce J. McGiverin held a suppression hearing and issued a Report and Recommendation ("R & R"). (Case No. 17-608, Docket Nos. 57 and 76.) Magistrate Judge McGiverin recommended that the Court deny Villa's motion to suppress. Id. The Court adopted the R & R. (Case No. 17-608, Docket No. 80.) Villa moves to exclude the firearm and cocaine pursuant to Federal Rule of Evidence 404(b). (Docket No. 525.)

### A. Federal Rule of Evidence 404(b)

Federal Rule of Evidence 404(b) ("Rule 404(b)") prohibits the admission of prior bad acts to establish an individual's character or propensity to commit a crime. Fed. R. Evid. 404(b).[3] The rule permits, however, the admission of prior bad acts "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of

---

[3] The bad acts that Villa seeks to exclude occurred after the conspiracy. "Bad acts committed subsequent to the charged behavior are admissible under Rule 404(b) as long as they meet the criteria set forth in the Rule." United States v. Blanchard, 867 F.3d 1, 10 n.10. The Court will employ the term "prior bad acts" to avoid confusion.

mistake or accident." United States v. Landry, 631 F.3d 597, 602 (1st Cir. 2011) (citing Fed. R. Evid. 404(b)).

The proponent of Rule 404(b) evidence must satisfy a two-part test. Landry, 631 F.3d at 602. First, other than establishing propensity, "the evidence must have 'special relevance' to an issue in the case such as intent or knowledge." United States v. Varodakis, 233 F.3d 113, 118 (1st Cir. 2000) (internal citations omitted). "Rule 404(b)'s list of [special relevance] purposes is not exhaustive." Landry, 631 F.3d at 603. To determine whether the proffered evidence has special relevance, trial courts consider the temporal proximity of the prior bad acts and the degree of similarity to the charged crime. Id. at 602 (citing Varodakis, 233 F.3d at 119). Second, "under [Federal Rule of Evidence 403], evidence that is specially relevant may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Varodakis, 233 F.3d at 119.

"In the Rule 404(b) context, evidence of similar acts is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." United States v. DeCicco, 370 F.3d 206, 211 (1st Cir. 2004) (citing Huddleston v. United States, 485 U.S. 681, 689-90)). Trial courts need only find that the United States has presented sufficient circumstantial evidence so that a jury *could* reasonably conclude

by a preponderance of evidence that the defendant committed the prior bad act.  Id. at 212.

### B. Evidence of Villa's Prior Bad Acts Demonstrate Knowledge and Intent

Villa is charged with conspiring to possess with intent to distribute at least five kilograms of cocaine.  (Docket No. 120.)  A plea of not guilty in a conspiracy prosecution "renders the defendant's intent a material issue and imposes a difficult burden on the government."  United States v. Zeuli, 725 F.2d 813, 816 (1st Cir. 1984) (holding that the "intent exception to Rule 404(b) justifies the trial court's decision to admit" evidence of prior bad acts) (quotation omitted).  The firearm and cocaine that Villa seeks to exclude have special relevance.  That Villa possessed cocaine and a firearm on the day of his arrest suggests that he knowingly possessed cocaine during the alleged conspiracy.  See United States v. Ferrer-Cruz, 899 F.2d 125, 138 (1st Cir. 1990) (Breyer, J.) (affirming admission of prior bad acts "in order to show Ferrer's knowledge that the bags contained drugs and to show his intention to help his codefendants consummate the sale").  The Rule 404(b) evidence and the allegations set forth in the indictment are identical:  that Villa possessed cocaine.  Accordingly, the United States' proffered evidence has special

relevance to the extent that it is probative of Villa's intent and knowledge.

### C. Federal Rule of Evidence 403

Federal Rule of Evidence 403 requires the exclusion of "relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; see also Varoudakis, 233 F.3d at 122 (internal citations omitted). The First Circuit Court of Appeals has emphasized that Rule 403 protects "against **unfair** prejudice, not against all prejudice." United States v. Whitney, 524 F.3d 134, 141 (1st Cir. 2008) (emphasis added); see also United States v. Bauzó-Santiago, 51 F. Supp. 3d 198, 199 (D.P.R. 2014) (Besosa, J.) ("In balancing the scales of Rule 403, it is important to note that only unfair prejudice is to be avoided, as by design all evidence is meant to be prejudicial") (citation and internal quotation omitted). Pursuant to Rule 403, trial courts possess "considerable latitude in determining whether to admit or exclude evidence." Santos v. Sunrise Medical, 351 F.3d 587, 592 (1st Cir. 2003) (internal citations omitted). When the balance between the probative value and unfair prejudice of contested evidence is close, "Rule 403

tilts the balance in favor of admission." Whitney, 524 F.3d at 141 (internal citations omitted).

Villa contends that evidence of his prior bad acts is inadmissible pursuant to Rule 403 because the jury "will think that Villa was more inclined to commit the charged offense because he was found in possession of contraband even if the matters are unrelated." (Docket No. 535 at p. 7.) The United States represented, however, that Villa's theory is that he was merely a mule rather than an owner and investor in cocaine." (Docket No. 537 at p. 8.) The prior bad acts regarding the cocaine and firearm undermine Villa's defense theory. Instructing the jury to consider Villa's prior bad acts for the limited purpose of determining his intent and knowledge during the conspiracy will mitigate the risk of any unfair prejudice. Accordingly, Villa's motion to exclude evidence of prior bad acts is **DENIED**.

**IV. Motion *In Limine* to Exclude Villa's Handwritten Letter to the Court**

On May 13, 2019, the Court received a handwritten letter from Villa. (Docket No. 498.) The letter states the following:

> I am writing to you this letter because I am going through a bad time with a lot of frustration amidst the legal proceedings I am facing. I respectfully and heartily request the notification of the decision made regarding the Suppression Hearing [in Case No. 17-608]. On many occasions, I have expressed to my legal representation my desire to reach an agreement with the Government. I am in the best disposition to make a

>  fair, reasonably and intelligent agreement once I know
> the Suppression of Evidence to agree and take the best
> decision regarding the same.

(Docket No. 536 at p. 4.) Villa moves to exclude this statement pursuant to Federal Rules of Evidence 401 and 410, contending that the letter is irrelevant and concerns plea discussions with the United States. (Docket No. 522.)

### A.  Villa's Statement was Not Made During Plea Negotiations Pursuant to Federal Rule of Evidence 410

Villa argues that the letter is inadmissible pursuant to Federal Rule of Evidence 410 ("Rule 410") and Federal Rule of Criminal Procedure 11(f). (Docket No. 522 at p. 4.) Federal Rule of Criminal Procedure 11(f) provides that the "admissibility or inadmissibility of a plea, a plea discussion, and any related statement is governed by Federal Rule of Evidence 410." Fed. R. Crim. P. 11(f). Rule 410 precludes the admission of statements "made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea or they resulted in a later-withdrawn guilty plea." Fed. R. Evid. 410(a). Rule 410(a) applies exclusively to "a statement made during plea discussions **with an attorney for the prosecuting authority**." Fed. R. Evid. 410(a)(4) (emphasis added). Villa addressed and mailed the letter to the Court, not to "an attorney for the prosecuting authority." See id.; Docket No. 543; see also

United States v. Pérez-Franco, 873 F.2d 455, 461 (1st Cir. 1989) (finding that Rule 410 "has been consistently interpreted by the courts to protect only those statements made by a defendant to the prosecuting attorney himself"). Accordingly, the Court concludes that Villa's letter falls beyond the purview of Rule 410.

**B. The United States Must Establish Whether the Statements Set Forth Villa's Letter are Relevant**

The United States intends to "introduce the letter as substantive evidence." (Docket No. 533 at p. 2.) Federal Rule of Evidence 402 provides that all relevant evidence is admissible unless excluded by the United States Constitution, federal statute, or other rule. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence [and] the fact is of consequence in determining the action." Fed. R. Evid. 401.

The letter refers briefly to Villa's legal "frustrations," and requests that the Court notify him regarding the status of his motion to suppress in Case No. 17-608. (Docket No. 536 at p. 4.) Villa informed that Court that he "[desired] to reach an agreement with the United States." Id. The content of the letter is devoid of substantive admissions pertaining to the offense charged in the superseding indictment. Contra United States v. Bauzó-Santiago, 867 F.3d 159, 160 (D.P.R. 2014) (denying

motion *in limine* to exclude letter in which the defendant stated: "I have always accepted my responsibility of guilty the only thing that I ask is that is be reasonable time for the weapon law crime") (Besosa, J.) aff'd, United States v. Bauzó-Santiago, 867 F.3d 13 (1st Cir. 2017). In Bauzó-Santiago, the Court admitted a redacted version of the defendant's letter "to remove any reference to plea bargaining or the dispute between [the defendant] and his lawyers." 867 F.3d at 17. Indeed, the United States "consents to redaction of references" in Villa's letter concerning Case No. 17-608. The Court **DENIES** Villa's motion to exclude the letter **WITHOUT PREJUDCE**. The Court **ORDERS** the United States to make a proffer outside the hearing of the jury explaining the relevancy of Villa's letter before offering it into evidence. The United States shall provide a redacted letter at this time.

### V. Conclusion

For the reasons set forth above, Villa's motions *in limine* and motion to suppress are **DENIED**. (Docket Nos. 522, 525 and 526.)

The Court **ORDERS** the United States to make a proffer outside the hearing of the jury explaining the relevancy of Villa's letter before offering it into evidence. The United States shall provide a redacted letter at this time.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 24, 2019.

>                          s/ Francisco A. Besosa
>                          FRANCISCO A. BESOSA
>                          UNITED STATES DISTRICT JUDGE