## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    **Plaintiff**,

        **v.**

RICARDO ALBERTO VILLA-GUILLÉN [8],

    **Defendant**.

**Criminal No.** 16-526 (FAB)

## MEMORANDUM AND ORDER

BESOSA, District Judge.

The Court denied defendant Ricardo Villa-Guillén ("Villa")'s motion to exclude evidence pursuant to Federal Rule of Evidence 404(b). United States v. Villa-Guillén, Case No. 16-526, 2019 U.S. Dist. LEXIS 124799 (D.P.R. July 24, 2019) (Besosa, J.). Villa moves for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). (Docket No. 581.) For the reasons set forth below, Villa's motion for reconsideration is **DENIED**.

## I.    Background

Villa is subject to two criminal prosecutions. United States v. Villa-Guillén, Case No. 16-526 (FAB); United States v. Villa-Guillén, Case No. 17-608 (FAB). The first action concerns a purported drug-trafficking conspiracy ("conspiracy action"). See Case No. 16-526. The subsequent action stems from cocaine, a firearm, and ammunition allegedly seized by Drug Enforcement

Administration ("DEA") task force agents on the date of Villa's arrest ("arrest warrant action").  See Case No. 17-608.

## A.    The Conspiracy Action

On June 23, 2016, a grand jury returned a one-count indictment charging four individuals with conspiring to possess with intent to distribute at least five kilograms of cocaine in violation of 21 U.S.C. section 846.  (Case No. 16-526, Docket No. 1.)  The grand jury returned a superseding indictment on June 23, 2017, alleging that Villa and seven other individuals "traveled on commercial flights that departed from the Luis Muñoz-Marín International Airport in Carolina, Puerto Rico to the continental United States with kilograms of cocaine concealed in suitcases." (Docket No. 120 at p. 3.)  The superseding indictment also alleges that Villa conspired to "[mail] controlled substances to the continental United States." Id.[1]  Magistrate Judge Camille Vélez-Rive issued a warrant for Villa's arrest on June 23, 2017 (hereinafter, "arrest warrant").  (Docket No. 122 at p. 3.)

## B.    The Arrest Warrant Action

Puerto Rico Police Department officer and DEA Task Force Agent Victor Salgado ("Salgado") executed the arrest warrant on July 17, 2017.  (Case No. 17-608, Docket No. 76 at p. 4.)  Law

---

[1] Villa's codefendant's have pled guilty.  (Docket Nos. 188, 247, 268, 293, 416 and 434.)  Trial is set to commence on October 28, 2019.  (Docket No. 562.)

enforcement officers located Villa at his sister's residence, observed Villa and his son enter a Mercedes SUV, followed Villa and his son to the Plaza las Americas shopping mall, and arrested Villa in a parking structure. Id. at pp. 4—10. Task Force Agent Salgado conducted an inventory search of the Mercedes SUV, recovering "a bag containing controlled substances in the driver's side door compartment" and "a kilogram of cocaine in the glovebox." Id. at p. 10. Subsequently, law enforcement officers obtained a search warrant for Villa's residence in Guaynabo, Puerto Rico. Id. at p. 17. On July 18, 2017, DEA agents seized 1.72 kilograms of cocaine, a Glock 23 firearm, three loaded magazines, three boxes of ammunition, United States currency, and drug paraphernalia from Villa's apartment. (Case No. 16-562, Docket No. 537 at p. 2.)

Villa moved to suppress the evidence seized from his vehicle and apartment pursuant to the Fourth Amendment of the United States Constitution. (Docket No. 28.) The Court referred Villa's motion to suppress to Magistrate Judge Bruce J. McGiverin. (Docket No. 36.) After holding a suppression hearing, Magistrate Judge McGiverin issued a Report and Recommendation ("R & R"). (Docket Nos. 49 and 76.) The magistrate judge recommended that the Court deny Villa's motion to suppress. (Docket No. 76.) The Court adopted the R & R. United States v. Villa-Guillén, Case

No. 17-608, 2019 U.S. Dist. LEXIS 123495 (D.P.R. July 22, 2019)
(Besosa, J.)

The United States intends to elicit evidence concerning
the arrest warrant in the underlying conspiracy action. (Case
No. 16-526, Docket No. 537 at p. 3.) According to the United
States, this evidence demonstrates that Villa intended to commit
conspiracy and is admissible pursuant to Federal Rule of Evidence
404(b) ("Rule 404(b)"). Id. at p. 8. Villa moved to exclude the
arrest warrant evidence. (Docket No. 535.) The Court denied
Villa's motion *in limine*, holding that the 1.72 kilograms of
cocaine and Glock 23 firearm are "probative of Villa's intent and
knowledge." United States v. Villa Guillén, Case No. 16-526, 2019
U.S. Dist. LEXIS 124799 *9 (D.P.R. July 24, 2109) (Besosa, J.).

Villa's motion for reconsideration sets forth two
requests. (Docket No. 581.) First, Villa requests that the Court
reconsider its denial of the motion to suppress in the arrest
warrant action. Id. at p. 2. Essentially, Villa moves for the
Court to reject the R & R in Case No. 17-608. Id. Second, Villa
moves for the Court "not to consider [the arrest warrant] evidence
as a prior bad act admissible under FRE 404b." Id.

## II. Motion for Reconsideration Standard

The Federal Rules of Criminal Procedure do not explicitly
provide for motions for reconsideration. See United States v.

Ortiz, 741 F.3d 288, 292 n.2 (1st Cir. 2014) (citation omitted).
The First Circuit Court of Appeals applies Federal Rule of Civil
Procedure 59(e) ("Rule 59(e)"), however, to motions for
reconsideration arising in the criminal context. See, e.g., United
States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009) (applying
Rule 59(e) to a motion for reconsideration in a criminal case).

Pursuant to Rule 59(e), a district court will alter its
original order only if it "evidenced a manifest error of law, if
there is newly discovered evidence, or in certain other narrow
situations." Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930
(1st Cir. 2014) (citation omitted). A motion for reconsideration
does "not provide a vehicle for a party to undo its own procedural
failures [or] allow a party [to] advance arguments that could and
should have been presented to the district court prior to
judgment." Iverson v. City of Bos., 452 F.3d 94, 104 (1st Cir.
2006) (citation omitted). "Rule 59(e) does not exist to allow
parties a second chance to prevail on the merits . . . [and] is
not an avenue for litigants to reassert arguments and theories
that were previously rejected by the Court." Johnson & Johnson
Int'l v. P.R. Hosp. Supply, Inc., 322 F.R.D. 439, 441 (D.P.R. 2017)
(Besosa, J.) (citations omitted). In deciding a motion for
reconsideration, the reviewing court has considerable discretion.
Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir.

2004).  "As a general rule, motions for reconsideration should only be exceptionally granted."  <u>Villanueva-Méndez v. Nieves-Vázquez</u>, 360 F. Supp. 2d 320, 323 (D.P.R. 2005) (Domínguez, J.)

### III. Discussion

Villa's motion for reconsideration is unavailing.  The magistrate judge held that "Villa lacked a reasonable expectation of privacy" in the Mercedes SUV.  (Case No. 17-608, Docket No. 76 at p. 17.)  The Court agrees.

Villa informed law enforcement officers that: he didn't know the registered owner of the Mercedes, that "he and the Mercedes owner had swapped cars," Villa however did not recall "the make of his own car," Villa "had the car for under twenty four hours," that anything in the vehicle "wasn't his," that Juan "El Flaco" lent him the Mercedes, and that he did not know Juan's last name or phone number.  <u>Id.</u> at pp. 7—9.  "By explicitly and repeatedly rejecting an 'intimate relationship' with the vehicle, Villa undermined his Fourth Amendment protections against the search." <u>Id.</u> at p. 13 (citing <u>United States v. Fermin</u>, 771 F.3d 71, 76 (1st Cir. 2014) ("It is well established that one who abandons or disclaims ownership of an item forfeits any claim of privacy in its contents, and as to that person the police may search the item without a warrant.").

Villa cites inapposite precedent. (Docket No. 581 at p. 2) (citing Bryd v. United States, 138 S. Ct. 1518 (2018)). The Bryd court held that "someone in otherwise lawful possession and control of a rental car has a reasonable expectation of privacy in it even if the rental agreement does not list him or her as an authorized driver." 138 S. Ct. at 1524. The driver in Bryd did not, however, disclaim ownership in the vehicle. Moreover, the person who signed the rental agreement "gave [the keys] to [the driver]." Id. at 1524. In contrast, Villa failed to identify the owner of the Mercedes and wrote "not mine" on the consent to search form. (Docket No. 76 at p. 8.) Because Villa had no reasonable expectation of privacy in the Mercedes, he lacked standing to assert a Fourth Amendment challenge. United States v. Stokes, 829 F.3d 47, 51 (1st Cir. 2016) ("Under what is known as the 'standing' doctrine, the defendant carries the burden of making a threshold showing that he has a reasonable expectation of privacy in the area searched and in relation to the items seized.") (citation omitted).

The arrest warrant evidence is admissible in the conspiracy action pursuant to Rule 404(b). The arguments set forth in Villa's motion *in limine* and motion for reconsideration are identical. (Docket Nos. 525 and 581.) The evidence recovered from the Mercedes and Villa's apartment is probative of intent. United

States v. Zeuli, 725 F.2d 813, 816 (1st Cir. 1984) (holding that the "intent exception to Rule 404(b) justifies the trial court's decision to admit" evidence of prior bad acts) (quotation omitted). Instructing the jury to consider Villa's prior bad acts for the limited purpose of determining his intent and knowledge during the conspiracy will mitigate the risk of any unfair prejudice. Accordingly, Villa's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 25, 2019.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE