IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| UNITED STATES OF AMERICA, | |
|---|---|
| **Plaintiff**, | |
| **v.** | **Criminal No.** 16-526 (FAB) |
| RICARDO VILLA-GUILLÉN [8], | |
| **Defendant**. | |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is defendant Ricardo Villa-Guillén ("Villa")'s motion to suppress evidence that he possessed $82,390.00 in United States currency pursuant to the Fourth Amendment of the United States Constitution. (Docket No. 585.) Villa also moves to exclude this evidence pursuant to Federal Rule of Evidence 404(b). Id. For the reasons set forth below, Villa's motion is **DENIED**.

I. Motion to Suppress

On June 23, 2017, a grand jury returned a one-count superseding indictment charging Villa and seven other individuals with conspiring to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. § 846. (Docket No. 120.) From 2009 to December 2013, the defendants and co-conspirators allegedly "traveled on commercial flights that

departed from Luis Muñoz-Marín International Airport in Carolina, Puerto Rico to the continental United State with kilograms of cocaine concealed inside suitcases." Id. at p. 2. Trial is set to commence on October 29, 2019.[1]

Villa moves to suppress $82,390 in United States currency. (Docket No. 585.) On April 21, 2015, Transportation Security Administration ("TSA") agents "observed an anomaly concealed inside the luggage of Villa and his companion" at an airport. Id. at p. 2.[2] Subsequently, a United States Customs and Border Patrol ("CBP") canine alerted to the presence of controlled substances inside Villa's luggage. Id. The CBP agents searched the luggage, recovering $82,390.00 in United States currency. Id. at pp. 1—2. Villa informed law enforcement officers that: "he had agreed to transport the money to St. Thomas for $1,000.00," he "was taken to the Concha Hotel at el Condado, Puerto Rico," that "at St. Thomas he was supposed to communicate with an unknown individual," and that "on April 18, 2005 he was provided with two suitcases at the Wal Mart [sic]." Id. at p. 1.

---

[1] The Court set trial for October 28, 2019. Because "there were not enough jurors for preemptory challenges," however, the Court continued trial for October 29, 2019. (Docket No. 608 at p. 2.)

[2] Villa does not identify the airport where the search occurred. (Docket No. 585.)

Villa filed the motion to suppress on October 24, 2019, four days before trial. (Docket No. 525.) According to the Court's standing order regarding criminal action, "[a]ll pretrial motions, including motions to dismiss or to suppress shall be filed . . . no later than fourteen (14) days before the trial date." Criminal Scheduling Order, p. 6 (July 1, 2016). The Court first set trial for March 18, 2019. (Docket No. 422.) After five continuances, the Court set trial for October 28, 2019. (Docket Nos. 431, 487, 501, 527 and 562.) Accordingly, Villa had until October 14, 2019 to file the motion to suppress. The United States notified Villa of its intent to introduce the $82,390.00 five months before trial, providing Villa with ample opportunity to file a timely suppression motion. (Docket No. 469 at p. 3.)

Pursuant to Federal Rule of Criminal Procedure 12(c)(3), "the Court need not review a motion to suppress that was untimely filed." United States v. Sweeney, 887 F.3d 529, 534 (1st Cir. 2018); see, e.g., United States v. Tineo-González, 839 F.3d 64, 66 (1st Cir. 2008) (affirming denial of suppression motion "filed well after the district court's explicit deadline for pretrial motions" and noting that "last minute suppression motions can cause havoc for counsel and witnesses alike."); United States v. Levasseur, 699 F. Supp. 995, 1007 (D. Mass. 1988) (denying motion to suppress as untimely and noting that "[a]ll the information

underlying this motion was known well before" the filing deadline). Accordingly, Villa's motion to suppress is **DENIED** as untimely.

II. **The Motion *in Limine***

Villa argues that the "event that took place on April 21, 2015 constitute [*sic*] inadmissible character evidence that should be excluded from the trial." (Docket No. 585 at p. 8.) The Court will address the admissibility of this evidence within the context of trial, when it will be in a better position to determine whether this evidence is both relevant and not unduly prejudicial.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 28, 2019.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE