IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

   **Plaintiff**,

     **v.**

RICARDO ALBERTO
VILLA-GUILLÉN [8],

   **Defendant.**

Criminal No. 16-526 (FAB)

OPINION AND ORDER[1]

BESOSA, District Judge.

  Before the Court is defendant Ricardo Villa-Guillén ("Villa")'s *pro se* motion for new trial pursuant to Federal Rule of Criminal Procedure 33 ("Rule 33"). (Docket No. 696.)  For the reasons set forth below, Villa's motion is **DENIED**.

## I. Procedural Background

  On November 1, 2019, Villa was convicted of conspiracy to possess with intent to distribute at least five kilograms of cocaine in violation of 21 U.S.C. section 846.  (Docket No. 625.) The facts underlying Villa's conviction are set forth in the Opinion and Order the Court issued on March 28, 2020.  United States v. Villa-Guillén, Case No. 16-526, 2020 U.S. Dist. LEXIS 56183 *1-8 (D.P.R. Mar. 28, 2020) (Besosa, J.).  Subsequently,

---

[1] Samantha Gowing, a second-year student at the University of Michigan Law School, assisted in the preparation of this Opinion and Order.

defense counsel filed a motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 and for a new trial pursuant to Rule 33. (Docket No. 648.) This Court denied both motions. Villa-Guillén, 2020 U.S. Dist. LEXIS 56183. Villa now moves *pro se* for new trial based on claims of prosecutorial misconduct and ineffective assistance of counsel. (Docket No. 696.)

## II. Discussion

"Motions for a new trial are directed to the discretion of the trial court." United States v. Wright, 625 F.2d 1017, 1019 (1st Cir. 1980). A trial court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Villa may base his or her motion for a new trial on newly discovered evidence or on other grounds, but this remedy "must be used sparingly and only where a miscarriage of justice would otherwise result." Fed. R. Crim. P. 33(b); United States v. Del-Valle, 566 F.3d 31, 38 (1st Cir. 2009) (internal citation and quotation marks omitted).

Villa argues that a new trial is warranted because: (1) defense counsel rendered ineffective assistance, and (2) the Assistant United States Attorney engaged in misconduct. (Docket No. 696.) First, he contends that defense counsel failed to present certain evidence at trial, to file a speedy-trial motion,

and to object to the exclusion of a family member from the courtroom during trial. (Docket No. 696.) Second, the prosecutorial misconduct claim concerns allegations that the Assistant United States Attorney knowingly elicited perjured testimony from cooperating witnesses José Herrera and Harold Domínguez.

If a Rule 33 motion is grounded on newly discovered evidence, a defendant may seek redress within three years of the verdict. Fed. R. Crim. P. 33(b)(1), including if the claim for prosecutorial misconduct rests on newly discovered evidence of perjured testimony. United States v. Huddleston, 194 F.3d 214, 217 (1st Cir. 1999). Villa does not, however, offer new evidence to support his perjury claim; instead, he only relies on trial testimony and general allegations of perjury. (Docket No. 696.)

Because Villa presents no new evidence, the Court reviews his motion pursuant to Rule 33(b)(2). This rule provides that "any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict." Fed. R. Crim. P. 33(b)(2). The jury reached a guilty verdict on November 1, 2019. (Docket No. 625.) Villa filed his *pro se* motion for new trial seven months later, on May 8, 2020. (Docket No. 696.) His motion is time-barred and therefore **DENIED**.

For the reasons set forth below, even if it were not time-barred, Villa's motion for new trial is denied on the merits.

## A.   Prosecutorial Misconduct

For claims pertaining to the subornation of perjured testimony, a Court must first determine that there is a colorable claim that the testimony was in fact perjured, and that the prosecutor knowingly relied on this testimony. United States v. González-González, 258 F.3d 16, 22 n.1 (1st Cir. 2001). The Court need not address the Rule 33 standard unless Villa presents a colorable claim that the prosecutor elicited false testimony. Id.; See, e.g., Kiley v. United States, 260 F. Supp. 2d 248, 267 (D. Mass. 2003) (denying Rule 33 motion without addressing the Wright standard because "[t]here is absolutely no suggestion other than Kiley's fantastic speculation that the government used false testimony and 'contrived his conviction through the pretense of a trial'").

Villa cites no new evidence to suggest that there is a colorable claim of perjury. Instead, he only provides excerpts of the trial testimony that he believes to be perjury. (Docket No. 696 at p. 2.) The jury heard this testimony at trial, however, including Herrera's concession that he "signed a cooperation agreement with the prosecution . . . to get a lower sentence." (Docket No. 636 at p. 41.) Courts "do not assess the credibility

of a witness, as that is the role reserved for the jury." United States v. Santos-Soto, 799 F.3d 49, 57 (1st Cir. 2015). Furthermore, a Court is "not a thirteenth juror, much less is he a super-juror whose views of credibility could override the jury's verdict." United States v. Freeman, 208 F.3d 332, 343 (1st Cir. 2000) (citation and internal quotation omitted). The jury appraised and accepted Herrera's and Domínguez's testimony, rejecting Villa's contention that he "was not a member of the drug trafficking organization." (Docket No. 637 at p. 43.) That the jury believed Herrera and Domínguez has no bearing on whether their testimony is false.

The Court finds that Villa's motion fails to set forth a colorable claim for perjury. Accordingly, his prosecutorial misconduct claim is **DENIED**. See Gonzalez-Gonzalez, 258 F.3d at 22 n.1.

**B.   Ineffective Assistance of Counsel**

The Sixth Amendment of the United States Constitution protects a defendant's right to the effective assistance of counsel. U.S. Const. amend. VI. The two-pronged Strickland test governs the ineffective assistance of counsel analysis. Strickland v. Washington, 466 U.S. 668 (1984); Malone v. Clarke, 536 F.3d 54, 62 (1st Cir. 2008). Pursuant to Strickland, a defendant must show: (1) that counsel's performance was deficient,

and (2) that the deficiency resulted in prejudice. Id. at 63
(internal citations omitted).  If the defendant fails to satisfy
either prong, the Court cannot grant the motion for new trial.
United States v. Carrigan, 724 F.3d 39, 44 (1st Cir. 2013).

    1.   **Failure to Present Evidence**

       Villa argues that certain pieces of evidence
contradict the United States' case: his immigration certificate
shows that he did not live in Puerto Rico at the time Herrera
claimed to be his childhood friend; his tax records "discredit the
prosecutions [*sic*] statement that [Villa] never worked or paid
taxes during the conspiracy;" and his aunt's testimony, had she
given it, "would have been contrary to the government witnesses
. . . in many respects."  (Docket No. 696 at p. 2.)  Villa states
that his counsel failed to present this evidence to the jury and
implies that this evidence undermines the credibility of Herrera's
and Domínguez's testimony.  Id.

       Courts are highly deferential to counsel's
professional judgment at trial.  Strickland, 466 U.S. at 689; Ouber
v. Guarino, 293 F.3d 19, 25 (1st Cir. 2002).  "The complex dynamics
of trial engender numerous missteps, but only the most inexcusable
will support a finding" of ineffective assistance of counsel.
Guarino, 293 F.3d at 27.  For example, in Guarino, counsel
reiterated several times in his opening statement that the

defendant would testify, but he later prevented defendant from doing so.  Id. at 22.  Neither choice alone – the promise of the testimony or the failure to deliver on that promise – would have risen to the level of ineffective assistance, but the cumulative effect of counsel's missteps, however warranted a new trial, and the finding of ineffective assistance of counsel was affirmed. Id. at 28 & 36.

Villa may disagree with his counsel's trial strategy, but that does not constitute deficient performance of professional responsibility.  See Lema v. United States, 987 F.2d 48, 54 (1st Cir. 1993) ("The decision whether to call a particular witness is almost always strategic, requiring a balancing of the benefits and risks of the anticipated testimony.").  Furthermore, unlike the testimony at issue in Guarino, the evidence Villa claims defense counsel failed to present is overshadowed by the evidence which was admitted at trial.  For instance, the jury observed a photo of Villa, Herrera and others at a social gathering, constituting corroborating evidence that the men knew each other. Villa-Guillén, 2020 U.S. Dist. LEXIS 56183 at *10.  Although Villa's counsel may have been able to cast doubt on the assertion that Villa and Herrera were childhood friends, the jury still would have considered strong evidence of Villa and Herrera's subsequent acquaintance as adults.

Villa argues that defense counsel failed to present his "[tax] certification and records to discredit the prosecutions [*sic*] statement that [he] never worked or paid taxes during the conspiracy." (Docket No. 696 at p. 2.) The United States referred to Villa's tax records outside the presence of the jury on two occasions. First, the United States mentioned the tax records at sidebar regarding a preemptory challenge during *voir dire*. (Docket No. 634 at p. 44.) Second, the United States alleged that "this Defendant has never filed a tax return" on the first day of trial after the jury recessed for lunch. Id. at p. 70. The United States did not introduce Villa's tax records as evidence at trial.

Villa received a certification of income tax returns from the Puerto Rico Department of Treasury before trial demonstrating that he did not, in fact, file taxes during the drug-trafficking conspiracy. See Docket No. 706, Ex.3. Whether or not Villa worked or paid taxes during the conspiracy is likewise unlikely to outweigh the strong incriminating evidence adduced at trial. Because Villa does not specify what testimony his Aunt intended to provide, the Court cannot consider whether or not her absence prejudiced Villa.

**2.   Failure to Impeach**

Villa argues that his counsel was ineffective because he failed to sufficiently impeach New York City Police

Department Detective Dustin Genco ("Genco").  (Docket No. 696 at p. 2.)  On the third day of trial, Villa's counsel cross-examined Genco.  (Docket No. 635 at pp. 27-28.)  The cross-examination consisted of three short questions.  Id.  The Court finds no reason to question this trial strategy.  A laconic cross-examination is not an inexcusable breach of professional duty; indeed, Villa does not present any explanation for why the Court should view the cross-examination as an error at all.  Accordingly, there is no reason to conclude that the cross-examination of Genco prejudiced Villa.

### 3.   Failure to File a Speedy Trial Motion

Villa states that his counsel "was ineffective for . . . failing to file a speedy trial motion on time." (Docket No. 696 at p. 2.)  His argument regarding the speedy-trial motion, however, goes no further. "It is not enough merely to mention a possible argument in the most skeletal way." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).  With no more than a single sentence referencing a failure to file a speedy-trial

motion, Villa has failed to provide "some effort at developed argumentation." Id.[2]

### 4.   The Alleged Denial of a Public Trial

Like Villa's claim regarding the speedy-trial motion, his claim regarding the alleged denial of a public trial is undeveloped. See Zannino, 895 F.2d 1. Villa states that his counsel failed to "object to prosecutor excluded [*sic*] [his] family member from [his] trial," thus "denying [Villa] a public trial that was open to them." (Docket No. 696 at p. 2.) He does not elaborate to which family members he refers, or pursuant to what circumstances any was excluded.

The United States suggests that this claim refers to the fact that "his sister was not present in the courtroom during the testimony of other witnesses since she was a potential trial witness herself." (Docket No. 706 at p. 8.) Exclusion of a potential witness from the courtroom is an accepted trial

---

[2] The United States asserts that "the failure to file a speedy trial motion is not a factor to consider in determining whether the attorney's conduct at trial was deficient. (Docket No. 706 at p. 7.) The right to effective counsel is not, however, limited to trial. Maine v. Moulton, 474 U.S. 159, 170 (1985). Instead, "the right attaches at earlier, 'critical' stages in the criminal justice process 'where the results might well settle the accused's fate and reduce the trial itself to a mere formality.'" Id. (quoting United States v. Wade, 388 U.S. 218, 224 (1967)); Butler v. Mitchell, 815 F.3d 87, 92 (1st Cir. 2016) (contemplating a motion for ineffective counsel based on failure to make a speedy-trial argument but ultimately rejecting it for lack of a speedy-trial violation).

procedure pursuant to Federal Rule of Evidence 615. Fed. R. Evid. 615 ("At a party's request, the court must order witnesses excluded so they cannot hear other witness' testimony").  Consequently, the denial of a public trial argument is unavailing.

## III. Conclusion

For the reasons discussed above, the Court **DENIES** defendant's motion for new trial.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 29, 2020.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE